## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)DONALD KIMERY, et al., | ) |
| | ) |
|       **Plaintiffs** | ) |
| | ) |
| v. | ) |
| | )  **Case No. 11-CV-249-CVE-PJC** |
| (1)BROKEN ARROW PUBLIC SCHOOLS, | ) |
| et al., | ) |
| | ) |
|       **Defendants.** | ) |

### JOINT STATUS REPORT

Jury Demanded:     __X__ Yes     _____ No

I.   Summary of Claims from Plaintiffs' First Amended Complaint:

  (1) Free exercise of religion under the First Amendment to the US Constitution; (2) Equal protection for religion under the Fourteenth Amendment to the US Constitution; (3) Equal protection for disabled persons under the Fourteenth Amendment to the US Constitution; (4) Deprivation of property without due process under the Fourteenth Amendment to the US Constitution; (5) Deprivation of liberty without due process under the Fourteenth Amendment to the US Constitution; (6) Viewpoint discrimination under the First Amendment to the US Constitution; (7) Violation of the Americans with Disabilities Act; (8) Violation of Section 504 of the Rehabilitation Act of 1973; (9) Deprivation of property without due process under Art. II, Sec 7 of the Oklahoma Constitution; (10) Equal protection for religion under Art. II, Sec 7 of the Oklahoma Constitution; (11) Equal protection for disabled persons under Art. II, Sec 7 of the Oklahoma Constitution; (12) Ultra vires actions in violation of the Oklahoma School Code of 1971; (13) Violation of the Lindsey Nicole Henry Scholarship for Students with Disabilities Program Act.

  A.   Claims to be Dismissed: None.

II.   Summary of Defenses:

   Defendants have not yet answered in this case. Defendants moved to dismiss the original complaint on June 13, 2011 because, they claim, all of Plaintiffs' causes of action are premised on the enforcement of a state statute that is unconstitutional and therefore void. Summarizing the Defendants' motion to dismiss the original complaint,

the statute for which enforcement is sought ("HB 3393") is void because: (1) HB 3393 violates the No-Funding provision of the Oklahoma Constitution (*Okla. Const.* art. II, §5), (2) HB 3393 violates the constitutional requirement for the legislature to maintain free public schools (*Okla. Const.* art. I, §5 and *Okla. Const.* art. XIII, §1); (3) HB 3393 violates the constitutional prohibition of making a gift of public funds (*Okla. Const.* art. X, §§14 and 15), (4) HB 3393 violates both the Equal Protection Clause of the Fourteenth Amendment and the *Oklahoma Constitution's* prohibition on discriminating between similarly situated persons (*Okla. Const.* art. II, §7), (5) the *Oklahoma Constitution's* No-Funding clause is enforceable and (6) boards of education are not proper parties to his action.   On July 14, 2011, the defendants filed a motion to dismiss the plaintiffs' first amended complaint raising the issues outlined above.

      A.     Defenses to be Abandoned.  None.

III.    Motions Pending:

| Docket No. | Description | Date at Issue |
|---|---|---|
| Doc 37 | Defendants' Motion to Dismiss Moot due to the filing of the first amended complaint Response due 8/4 | |
| Doc 46 | Plaintiffs' Motion to Stay All Proceedings | At Issue as of July 14, 2011 |
| Doc 49 | Defendants' Motion to Dismiss First Amended Complaint | Response due 8/4 |

IV.    Stipulations

      A.  Jurisdiction Admitted:    __X__ Yes      _____ No (If no, explain.)

      B.  Venue Appropriate:    __X__ Yes      _____ No (If no, explain.)

      C.  Facts:    None at this time.

      D.  Law:  Federal and Oklahoma statutory and constitutional law are at issue in this case.

V.    Proposed Deadlines:

      Parties to be added by: _____

      A.     Proposed discovery cutoff date (4 months of discovery unless extended by the court for good

          cause): _____

*Plaintiffs*:  In light of the pending motions to stay proceedings and to dismiss, each of which could result in significant delay to this litigation, Plaintiffs believe that it is imprudent at the moment to set a deadline sooner than 6/1/2012.
*Defendants*:  Defendants desire that the court enter a standard scheduling order for prompt disposition of this case.

B.      Fact witness lists to be exchanged by: _____

*Plaintiffs*:  In light of the pending motions to stay proceedings and to dismiss, each of which could result in significant delay to this litigation, Plaintiffs believe that it is imprudent at the moment to set a deadline sooner than 12/31/2012.
*Defendants*:  Defendants desire that the court enter a standard scheduling order for prompt disposition of this case.

C.      Fact witness lists to be exchanged by:

*Plaintiffs*:  In light of the pending motions to stay proceedings and to dismiss, each of which could result in significant delay to this litigation, Plaintiffs believe that it is imprudent at the moment to set a deadline sooner than 12/31/2012.
*Defendants*:  Defendants desire that the Court enter a standard scheduling order for prompt disposition of this case.

D.      Proposed Date for Expert Reports by Plaintiff and Defendant:

*Plaintiffs*:  In light of the pending motions to stay proceedings and to dismiss, each of which could result in significant delay to this litigation, Plaintiffs believe that it is imprudent at the moment to set a deadline sooner than 12/31/2012.
*Defendants*:  Defendants desire that the court enter a standard scheduling order for prompt disposition of this case.

VI.      Fed. R. Civ. P. 26(f) Discovery Plan

A.      Should any changes be made to the timing, form or requirements for

disclosures under Rule 26(a)?    _X_ Yes   _X_ No

If yes, please explain:

*Plaintiffs*: Disclosures should be delayed until after the court rules on the pending motion to stay all proceedings.
*Defendants*: No.

B.      When were or will initial disclosures under Rule (26(a)(1) be made?

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing the discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a Magistrate Judge for resolution. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

July 18, 2011, unless the pending motion to stay is sustained.

C.    Should discovery be conducted in phases and/or should discovery be

limited at this time to particular subject matters or issues?

_____ Yes   _X_ No

D.    Should any changes be made in the limitations on discovery imposed by the

Federal Rules of Civil Procedure or the Court's local rules?

_X_ Yes _____ No

*Plaintiffs*:  Plaintiffs anticipate seeking a protective order to protect special needs children from being deposed.
*Defendants*:  No.  Defendants oppose a protective order prohibiting the plaintiff minors from being deposed but will agree to a protective order to protect their identity and the non-disclosure of personal information.

E.    Proposed Number of fact and expert depositions:

1.    To be allowed for Plaintiff?

Fact:  Presently Unknown

Experts:  Presently Unknown

2.    To be allowed for Defendant?

Fact:

*Defendants:* 25
*Plaintiffs:* Plaintiffs object as they find this request excessive but do not know what number is appropriate at this time

4

Experts: Presently Unknown

F.     Is there a need for any other special discovery management orders by the

Court?          _____ Yes __X__ No

If yes, please explain:

G.     The parties are directed to Guidelines for Discovery of Electronically
Stored Information on the public website at www.oknd.uscourts.gov for
advise on the production of electronic information.

VII.   Are Dispositive Motions Anticipated? __X__ Yes _____ No

Plaintiffs and Defendants both anticipate filing motions for summary
judgment.
Defendants have already filed separate motions to dismiss both the original
Complaint [which is now moot by the filing of the first amended complaint]
and the First Amended Complaint.

VIII.  Do All Parties Consent to Trial before the Assigned Magistrate Judge?

_____ Yes __X__ No

If yes, please email a proposed Trial Consent to the Clerk via the designated mailbox at CM-
ECFIntakeOKND@oknd.uscourts.gov and indicate the month and year in which trial by the
Magistrate Judge is Requested.  Please do not file proposed documents as an attachment to a
document.  (Refer to Section XIV of the CM/ECF Administration Guide of Policies and
Procedures for further instruction regarding proposed documents).

IX.    Is there any matter that should be referred to the assigned Magistrate Judge for

final disposition upon partial consent of all the parties pursuant to Local Rule

73.1? _____ Yes __X_ No

X.     Settlement Plan

_____ Settlement Conference Requested after: _____
_____ Describe settlement judge expertise required, if any:
_____ Private Mediation Scheduled in (date): _____
_____ Other ADR (Explain)
__X__ ADR is not appropriate in this case (Explain)

5

The matters at issue in this case involve constitutionality of legislation and are of public importance and do not lend themselves to ADR.

XI.   Has a copy of the Court's ADR booklet been provided to clients as required?

Plaintiffs:   _X_  Yes  _____ No

Defendants:  _X_  Yes  _____ No

XII.   Does this case warrant special case management?  No.

If yes, explain why.

XIII.   Do the parties request that the Court hold a scheduling conference?

_X_  Yes  _____ No   Plaintiff.

Plaintiffs request that a scheduling conference be set for this case.  Defendants do not join in the Plaintiffs' request, but do not oppose it.

If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on information contained in this report.

XIV.   Estimated trial time:  4 weeks

Read and Approved by:

_s/ Frederick J. Hegenbart_____
J. Douglas Mann, OBA No. 5663
Karen L. Long, OBA No. 5510
Frederick J. Hegenbart, OBA No.10846
Jerry A. Richardson, OBA No. 10455
Rosenstein, Fist & Ringold
525 South Main, Suite 700
Tulsa, OK 74114
Telephone: (918) 585-9211
Facsimile: (918) 583-5617
fredh@rfrlaw.com

*Attorneys for Defendants*

and

  s/ Meir Katz
Meir Katz (admitted pro hac vice)
     DC Bar Number 995431
Eric Rassbach (admitted pro hac vice)
     DC Bar Number 493739
The Becket Fund for Religious Liberty
3000 K. St., NW, Suite 220
Washington, DC 20007
Phone: 202-955-0095
Fax: 202-955-0090
mkatz@becketfund.org

John Michael Thetford
Laizure & Thetford, PLLC
P. O. BOX 701110
Tulsa, OK 74170-1110
Phone: 918-749-0749
Fax: 918-747-0751
jthetford@stipelawtulsa.com

*Attorneys for Plaintiffs*