UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD KIMERY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 11-CV-0249-CVE-PJC |
| BROKEN ARROW PUBLIC SCHOOLS, et al., | ) |
| | ) |
| Defendants | ) |

NOTICE OF RULE 41(a)(1)(A)(i) VOLUNTARY DISMISSAL
OF ALL REMAINING PLAINTIFFS

Plaintiffs hereby notify the Court and parties that all remaining plaintiffs voluntarily dismiss themselves without prejudice from this action, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).[1]

Respectfully submitted,

  /s Eric Rassbach
Eric Rassbach (admitted pro hac vice)
   DC Bar Number 493739
The Becket Fund for Religious Liberty
3000 K. St., NW, Suite 220
Washington, DC 20007
Phone: 202-955-0095; Fax: 202-955-0090
erassbach@becketfund.org
*Attorney for Plaintiffs*

---

[1] Plaintiffs note that Defendants' motion to dissolve stay and to dismiss is now moot. After a voluntary dismissal of all remaining plaintiffs, there is nothing left for the Court to do because the lawsuit is over. *See*, *e.g.*, *De Leon* v. *Marcos*, --- F.3d ---, 2011 WL 5121101 at *7 (10th Cir. Oct. 31, 2011) (Rule 41(a)(1)(A)(i) "voluntary dismissal is self-executing, *i.e.,* it is effective at the moment the notice is filed with the clerk and no judicial approval is required") (quotation omitted).

In the interest of making the record clear, Plaintiffs also note that it is disingenuous for Defendants to claim that Plaintiffs misled the Court about their intention to participate in the state process. At the time Plaintiffs asked for a stay, the state administrative process had not yet been created, so Plaintiffs did not know what rights they might have under that process. As it turned out, the process did not provide for a separate investigation of the Defendants' behavior, which Plaintiffs had hoped for. More importantly, Plaintiffs did not anticipate when briefing the stay motion in July that utilizing the state process might subject them to a state court lawsuit in September. Reasonable plaintiffs could decide that the small potential tuition reimbursement on offer was not worth being subjected to suit by the Defendant school districts.

Defendants' claim to have been prejudiced is also disingenuous because they still have not taken the most obvious step to challenge the constitutionality of the Henry Scholarships program: suing the state. Plaintiffs are under no duty to continue this federal lawsuit or to seek tuition reimbursement so that Defendants have a safer way to mount a constitutional challenge to the Henry Scholarships program.

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2011, I electronically transmitted the attached joint stipulation to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    J. Douglas Mann,
    Frederick J. Hegenbart, and
    Karen L. Long
    Eric Rassbach
    John Thetford

Date: November 2, 2011

       /s Eric Rassbach
Eric Rassbach (admitted pro hac vice)
    DC Bar Number 493739
The Becket Fund for Religious Liberty
3000 K. St., NW, Suite 220
Washington, DC 20007
Phone: 202-955-0095; Fax: 202-955-0090
erassbach@becketfund.org

*Attorney for Plaintiffs*